1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AARON PARNELL STONE,                          No.  2:16-cv-2666 AC P

12                      Petitioner,

13            v.                                     ORDER

14    RAYTHEL FISHER, JR., Warden,

15                      Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

19    Petitioner has consented to the jurisdiction of the undersigned United States Magistrate Judge for

20    all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  See ECF No. 4.

21          Examination of the in forma pauperis application reveals that petitioner is unable to afford

22    the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

23    28 U.S.C. § 1915(a).  However, for the reasons discussed below, the $5.00 fee will be waived.

24          Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct

25    a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to

26    Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and

27    any attached exhibits that the petitioner is not entitled to relief in the district court."

28    ////

1    Review of the instant petition demonstrates that petitioner is challenging the 16-year

2    sentence imposed on his 2006 convictions for lewd acts with a child under the age of fourteen, in

3    violation of California Penal Code § 288(a).  Petitioner contends that his sentencing should have

4    been concurrent and that his trial counsel was ineffective for failing to object to his consecutive

5    sentencing.  Petitioner asserts that he should have been sentenced to a prison term of eight, not

6    sixteen, years.

7    Petitioner concedes that this claim is unexhausted, but asserts his default may be excused

8    on grounds of ineffective assistance of appellate counsel.  See Murray v. Carrier, 477 U.S. 478,

9    488 (1986).  The court need not consider petitioner's cause and prejudice showing, however,

10   because the instant petition, like petitioner's 2014 petition, is barred as successive.

11   A second or successive application for habeas relief may not be filed in district court without

12   prior authorization by the court of appeals.  See 28 U.S.C. § 2244(b)(3)(A); Felker v. Turpin, 518

13   U.S. 651, 656-57 (1996).  Prior authorization is a jurisdictional requisite.  Burton v. Stewart, 549

14   U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district

15   court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction

16   to consider the merits).  The district court has discretion either to transfer a successive petition to

17   the court of appeals or to dismiss the petition.  United States v. Winestock, 340 F.3d 200 (4th Cir.

18   2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139–140 (3rd Cir. 2002).

19   A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add

20   a new ground for relief," or "if it attacks the federal court's previous resolution of a claim *on the*

21   *merits* . . ."  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original).  "[A] 'claim'

22   as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of

23   conviction."  Id. at 530.  "A habeas petition is second or successive only if it raises claims that

24   were or could have been adjudicated on the merits."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th

25   Cir.2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir.2008)).

26   This is petitioner's third attempt in this court to obtain relief from his sentence.  His last

27   petition was dismissed on November 23, 2015.  Stone v. Holland, Case No. 2:14-cv-02696 JAM

28   AC P, ECF No. 27.  Judge Mendez adopted the undersigned's findings and recommendations

filed August 20, 2015, which explained as follows:

> Petitioner was convicted in Sacramento County Superior Court on six counts of performing lewd acts with a child under the age of fourteen. The trial court sentenced petitioner to eighteen years in state prison. On July 31, 2008, the California Court of Appeal for the Third Appellate District reversed one of petitioner's convictions. The remaining five convictions were affirmed. The Court of Appeal modified petitioner's sentence to eliminate the consecutive term imposed with respect to the reversed count of conviction. The trial court was instructed to amend the abstract of judgment to reflect the change. On November 24, 2008, the Sacramento County Superior Court issued the amended abstract of judgment reflecting a sentence of sixteen years in state prison.
>
> In the instant petition, petitioner challenges the constitutionality of his current detention and argues that his sentence is being carried out in an "erroneous" manner due to a miscalculation of the maximum authorized sentence, which petitioner contends cannot exceed eight years. Petitioner argues that he has already served eight years and that his continued detention violates his due process rights. . . .
>
> Petitioner previously challenged his sentence in Stone v. Martel, No. 2:10-cv-3453 KJM GGP P, which was denied on the merits on March 26, 2012.[1] This court takes judicial notice of the record in that proceeding. See Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981) (judicial notice may be taken of court records). Respondent has also identified a subsequent federal habeas petition attacking the same sentence.[2]
>
> Respondent contends that the instant petition is successive because petitioner already challenged this same sentence and conviction in a prior federal habeas petition, which was dismissed as untimely. Respondent is correct. Because the prior petition was denied on the

---

[1] [Fn. 3 in original] See ECF No. 17-2 Ex. 2 at 13-14 (Order, filed on January 10, 2011, summarizing petitioner's grounds for relief as including a challenge to the duration of his sentence); id. Ex. 4 at 18-20 (Findings and Recommendations, filed November 18, 2011, recommending that respondent's motion to dismiss the petition as time-barred be granted); id. Ex. 5 at 22-24 (Order, filed March 26, 2012, granting respondent's motion to dismiss the petition). By order filed March 26, 2012, the district judge declined to issue a certificate of appealability. Id. at 24.

[2] [Fn. 4 in original] On May 7, 2014, petitioner filed a habeas petition (Case No. 2:14-cv-1164 WBS DAD P) in which he alleged that the sentence imposed on him violated the Double Jeopardy Clause, that he had completed his sentence as of March 15, 2014, and that his sentence was no longer effective. The magistrate found the petition to be successive and recommended that respondent's motion to dismiss be granted. See ECF No. 17-2 Ex. 7 at 44-48 (Findings and Recommendations, filed on October 2, 2014). The district judge dismissed the petition without prejudice by order filed November 4, 2014. See ECF No. 17-2 Ex. 8 at 49-51. In the same order, the district judge declined to issue a certificate of appealability. Id. at 51.

1    merits, 28 U.S.C. § 2244(b)(3) applies.  McNabb, 576 F.3d at 1029.
2    Because petitioner has "brought claims contesting the same custody
     imposed by the same judgment of a state court" without first having
3    obtained the requisite authorization from the Court of Appeals,
     Burton v. Stewart, 549 U.S. at 153, this court cannot entertain the
4    petition.  Should petitioner seek to proceed on the merits, he must
     seek authorization from the Ninth Circuit Court of Appeals to do
5    so.

6    Id. at ECF No. 22 at 1-4 (internal citations to prior docket omitted).

7        Because petitioner's 2010 petition was denied on the merits, Section 2244(b)(3) applies.

8    McNabb, 576 F.3d at 1029.  Because petitioner again brings "claims contesting the same custody

9    imposed by the same judgment of a state court," without first obtaining authorization from the

10   Court of Appeals, this court is without jurisdiction to consider the petition.  Burton, 549 U.S. at

11   153.  Should petitioner again seek to proceed on the merits of the instant petition or another

12   petition challenging his 2006 conviction and sentence, he must first obtain authorization from the

13   Ninth Circuit Court of Appeals.

14       Accordingly, IT IS HEREBY ORDERED that:

15       1.  Petitioner's request to proceed in forma pauperis, ECF No. 3, is granted; nevertheless,

16   the $5.00 filing fee is waived.

17       2.  Petitioner's petition for a writ of habeas corpus, ECF No. 1, is dismissed without

18   prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals that

19   authorizes petitioner to file a second or successive petition.

20       2.  The Clerk of Court is directed to close this case.

21       SO ORDERED.

22   DATED: March 20, 2017

23                                          _____
                                            ALLISON CLAIRE
24                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                    4